52 F.3d 1123
 311 U.S.App.D.C. 278
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Samuel Devita HOGAN, Appellant.
 No. 94-3056.
 United States Court of Appeals, District of Columbia Circuit.
 March 31, 1995.
 
 Before: SILBERMAN, BUCKLEY, and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the case is hereby remanded to the District Court for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Defendant-appellant Samuel Devita Hogan pleaded guilty to possession with intent to distribute 13.5 grams of 66% pure cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B)(iii) (possession with intent to distribute more than five grams of cocaine base) (1988 & 1994 Stat.Supp.). At the sentencing hearing, appellant urged that the district court exercise its discretionary capacity under Sec. 5K2.13 of the Federal Sentencing Guidelines to depart downward in sentencing. Appellant advocated downward departure to the minimum sentence for possession of the amount of cocaine in question of 60-months' imprisonment, based upon appellant's alleged diminished mental capacity. See U.S.S.G. Sec. 5K2.13 p.s. (1987). Such departure is appropriate under the Guidelines "to reflect the extent to which" the mental impediment or "reduced capacity contributed to the commission of the offense." Id.
 
 
 5
 The district court refused to depart downward, sentencing appellant to 92-months' imprisonment, the bottom of the applicable guideline range for appellant's criminal history category of VI and adjusted offense level of 23, which yielded a range of 92-115-months' imprisonment. The court cited appellant's capacity, despite his mental retardation and history of mental health problems, to "know[ ] the difference between right and wrong and mak[e] a choice as to what you choose to do." Sentencing Transcript, at 15 (May 16, 1994).
 
 
 6
 The standard of review of a refusal to depart downward under the discretionary provisions of the Sentencing Guidelines asks only if the sentencing judge understood her legal capacity to depart. Absent "a mistake of law or an incorrect application of the guidelines," the decision to depart or not is not reviewable. United States v. Johnson, No. 93-3183, slip op. at 4-5 (D.C.Cir. Mar. 21, 1995) (citing cases); 18 U.S.C. Sec. 3742(a) (1988); United States v. Sherod, 960 F.2d 1075, 1078 (D.C.Cir.), cert. denied, 113 S.Ct. 480 (1992). If, however, it appears that the sentencing court misunderstood the full range of permissible factors for departure or applied an incorrect test for downward departure as a matter of law, a remand is proper.
 
 
 7
 The district court, while recounting appellant's mental history and showing sensitivity to the impact of that history on appellant's capacity to conform his conduct to law, did not fully articulate the proper legal standard for downward departures based upon a criminal defendant's diminished capacity. Knowing the difference between right and wrong is more related to a determination of insanity, which would relieve a defendant of all culpability. We recognize the ambiguity of the record from the sentencing proceeding, but we remand for resentencing in light of the proper legal standard, focusing upon the contribution of the diminished capacity to the commission of the offense in question.[1]
 
 
 
 [1]
 We reject the other "combination" of factors appellant urges as a basis for downward departure as not properly preserved by appellant through the course of the sentencing hearing. United States v. Pinnick, No. 93-3199, slip op. at 10 (D.C.Cir. Feb. 14, 1995)